UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| L. LEE WHITNUM BAKER, | : | CIV. NO. 3:17cv01362(SRU) |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| THE TOWN OF WOODBRIDGE, | : | |
| ROBERT B. CROWTHER (PERSONALLY | : | |
| and PROFESSIONALLY), FRANK | : | |
| P. CAPPIELLO (PERSONALLY and | : | |
| PROFESSIONALLY), | : | SEPTEMBER  14, 2017 |
| Defendants. | | |

## ANSWER AND AFFIRMATIVE DEFENSES

The defendants, Town of Woodbridge, Robert B. Crowther and Frank Cappiello, hereby answer the plaintiff's Complaint, dated July 21, 2017.

1.   As to the allegations of Paragraph 1, the defendants have insufficient knowledge or information upon which to form an opinion or belief and, therefore, leave the plaintiff to her proof.

2.   As to the allegations of Paragraph 2, it is admitted that the business addresses of the Town of Woodbridge, Retired Detective Crowther and Chief Cappiello is in Woodbridge, Connecticut, which is in New Haven County.

3.   As to the allegations of Paragraph 3, it is admitted that at all times relevant to the complaint Retired Detective Crowther and Chief Cappiello were employed by the Woodbridge Police Department.

4.   As to the allegations of Paragraph 4, it is only admitted that the plaintiff, Lisa Whitnum, was arrested by warrant for two charges of violation of a protective order and two charges of harassment in August, 2015.  It is denied that the defendants engaged in unlawful activity.  As to the remaining allegations of Paragraph 4, the defendants lack sufficient knowledge or information upon which to form an opinion or belief, and therefore, leave the plaintiff to her proof.

5.   As to the allegations of Paragraph 5, it is denied that there were no active protective orders at the time of plaintiff's arrest in August 2015.  As to the remaining allegations of Paragraph 5, the defendants lack sufficient knowledge or information upon which to form an opinion or belief, and therefore, leave the plaintiff to her proof.

6.   As to the allegations of Paragraph 6, it is only admitted that the police report indicates that there were two protective orders in effect as of August 6, 2015.  It is denied that the protective orders had expired at the time of the plaintiff's arrest.  As to the remaining allegation of Paragraph 6, the defendants lack sufficient knowledge or information upon which to form an opinion or belief, and therefore, leave the plaintiff to her proof.

7.   The allegations of Paragraph 7 are denied.

8.   As to the allegations of Paragraph 8, it is denied that the defendants were willful, wanton, deliberate, malicious, oppressive or negligent.  As to the remaining allegations of Paragraph 8, the defendants lack sufficient knowledge or information upon which to form an opinion or belief, and therefore, leave the plaintiff to her proof.

9.   As to the allegations of Paragraph 9, the defendants lack sufficient knowledge or information upon which to form an opinion or belief, and therefore, leave the plaintiff to her proof.

<u>**AFFIRMATIVE DEFENSES**</u>

<u>**FIRST AFFIRMATIVE DEFENSE**</u>

The plaintiff's complaint, or specific portions thereof, fail[s] to state a claim upon which relief can be granted.

<u>**SECOND AFFIRMATIVE DEFENSE**</u>

The actions and conduct of the individual defendants, to the extent they occurred as alleged, were objectively reasonable under the circumstances of which they were aware, and they enjoy qualified immunity from all liability as a result.

<u>**THIRD AFFIRMATIVE DEFENSE**</u>

The actions and conduct of the individual defendants did not violate any clearly established constitutional or federal statutory right of which they reasonably should have been aware, and they are therefore entitled to qualified immunity.

## FOURTH AFFIRMATIVE DEFENSE

Pursuant to Connecticut General Statutes § 52-557n, or the common law, the defendants are entitled to governmental immunity in that their actions were performed in good faith, without malice, and in the discretionary performance of governmental duties.

## FIFTH AFFIRMATIVE DEFENSE

Pursuant to Connecticut General Statutes § 52-572h, to the extent the plaintiff was injured, the plaintiff's own negligence and carelessness contributed to and was a substantial factor in causing the injuries and losses alleged in the complaint, in that:

a.   she failed to act as a reasonable, prudent person under the circumstances;

b.   she failed to comply with the officers' lawful commands to avoid contact with the individual covered by the protective order; and

c.   she failed to comply with the provisions of the protective orders that were in effect at the time of her arrest.

## JURY CLAIM

The defendants hereby claim this case to the jury docket.

                                    DEFENDANTS, THE TOWN OF
                                    WOODBRIDGE, ROBERT B
                                    CROWTHER, and FRANK P.
                                    CAPPIELLO


                                    BY/ss/ James N. Tallberg
                                       James N. Tallberg
                                       Federal Bar No.: ct17849
                                       Karsten & Tallberg, LLC
                                       500 Enterprise Drive, Suite 4B
                                       Rocky Hill, CT 06067
                                       T: (860)233-5600
                                       F: (860)233-5800
                                       jtallberg@kt-lawfirm.com


## **CERTIFICATION**

     This is to certify that a copy of the foregoing has been

mailed postage prepaid, this 14th day of September, 2017, to the

following pro se plaintiff:

L. Lee Whitnum Baker
P. O. Box 7482
Greenwich, CT 06836


                                    /ss/ James N. Tallberg
                                    James N. Tallberg