# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| L. LEE WHITNUM<br>          Plaintiff,<br><br>          v.<br><br>TOWN OF WOODBRIDGE, ROBERT B.<br>CROWTHER, and FRANK P. CAPPIELLO,<br>          Defendants. | No. 3:17-cv-01362 (MPS) |

## RULING ON MOTION TO DISCLOSE RECORDS

Plaintiff L. Lee Whitnum brings this suit against Defendants the Town of Woodbridge, retired Detective Robert B. Crowther, and Chief of Police Frank P. Cappiello (collectively, "Defendants"), for malicious prosecution and false arrest in violation of 42 U.S.C. § 1983, and for negligence, negligent infliction of emotional distress, and intentional infliction of emotional distress. Plaintiff claims that Defendants arrested her for violations of a protective order and harassment, despite the fact that there were no active protective orders in place at the time of the arrest, or that any protective order in place was based on allegations Defendants should have known were false. (ECF No. 1-2 ¶¶ 4-6.) At issue here is Defendants' motion to disclose records relating to Plaintiff's arrest. (ECF No. 38.) For the following reasons, I grant Defendants' motion.

### I.        Background

Plaintiff alleges in her complaint that she was arrested in August 2015 for two violations of a protective order and charges of harassment, after her assistant mailed court-related documents to a Woodbridge citizen, a defendant in another civil matter. (ECF No. 1-2 ¶¶ 4-5.) Plaintiff claims that the mailing was required by state law. (*Id*. ¶ 5.) Plaintiff alleges that the police report related

to her arrest refers to two protective orders against her, but that, in fact, any protective order in place was "based on false allegations," of which Defendants should have been aware. (*Id*. ¶ 6.)

Defendants request that this Court order "the disclosure of all police and court records, and the records of any state's attorney, related to the arrest by warrant of the plaintiff, L. Lee Whitnum, when she turned herself in to the Woodbridge Police Department on August 11, 2015." (ECF No. 38-1 at 1.)  Plaintiff responded to the motion by filing a notice indicating that she has provided Defendants with an email containing a copy of the state court docket, a copy of the arrest warrant, and a copy of the "State's Motion to Dismiss." (ECF No. 39.)

## II.   Discussion

Connecticut law provides that "[w]henever in any criminal case, . . .  the accused, by a final judgment, is found not guilty of the charge or the charge is dismissed, all police and court records and records of any state's attorney pertaining to such charge shall be erased upon the expiration of the time to file a writ of error or take an appeal, if an appeal is not taken, or upon final determination of the appeal sustaining a finding of not guilty or a dismissal, if an appeal is taken"  Conn. Gen. Stat. § 54-142a(a).[1]  The same statute provides an exception to this general rule, however, noting that, "[u]pon motion properly brought, the court or a judge of such court, if such court is not in session, shall order disclosure of such records (1) to a defendant in an action for false arrest arising out of the proceedings so erased . . . ."  *Id*. § 54-142a(f)(1).  I find this exception directly on point and therefore grant Defendants' motion.  *See Kelley v. City of Hamden*, No. 3:15-CV-977 (AWT), 2015 WL 9694383, at *4 (D. Conn. Nov. 23, 2015) (granting defendant's motion to disclose records relating to plaintiff's arrest in false arrest case).

---

[1] The plaintiff does not allege in her complaint that she was found not guilty or that any charges were brought or dismissed, but the Court assumes for purposes of this motion that one or more of those conditions apply.

**IV.     Conclusion**

For the reasons discussed above, Defendants' motion to disclose records (ECF No. 38) is hereby GRANTED.  The Court hereby orders the disclosure to defense counsel of all existing police and court records, and non-privileged records of any state's attorney, concerning (1) the arrest by warrant of Plaintiff L. Lee Whitnum at the Woodbridge Police Department on or about August 11, 2015; and (2) the subsequent prosecution of the related criminal charges against Plaintiff by the State of Connecticut.  Defense counsel is responsible for serving this order on the relevant custodians of records and shall file proof of such service within **14 days** of this order. When defense counsel receives these records, he shall provide a copy of all such records received to Plaintiff and shall treat the records as being covered by this Court's standing protective order. (ECF No. 7.)

IT IS SO ORDERED.

                                 /s/
                                 Michael P. Shea, U.S.D.J.

Dated:          Hartford, Connecticut
                August 2, 2018