UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| L. LEE WHITNUM, | : | |
|    Plaintiff, | : | CIVIL ACTION NO. |
| | : | 3:17-CV-1362 (JCH) |
| v. | : | |
| | : | |
| TOWN OF WOODBRIDGE, ET AL | : | DECEMBER 12, 2018 |
|    Defendants. | : | |

## RULING RE: MOTIONS TO QUASH SUBPOENA AND FOR PROTECTIVE ORDER (DOC. NOS. 83 & 84)

The plaintiff, L. Lee Whitnum, filed an Objection (Doc. No. 104) to two Motions to Quash (Doc. Nos. 83 & 84). The defendants filed a Reply in further support of the Motions to Quash (Doc. No. 117).

Defendants move to quash the subpoenas addressed to former Judge Jane Emons, and Supervisory Assistant State's Attorney ("SASA") John Whalen. See Subpoena [for] Deposition by Written Question and Request for Production (John Whalen) (Doc. No. 84-1); Subpoena [for] Deposition by Written Question and Request for Production (Jane Emons) (Doc. No. 83-1). Defendants move to quash the subpoenas on two grounds: first, that the subpoenas did not comply with Federal Rule of Civil Procedure 31; second, that the subpoenas impose an undue burden on Judge Emons and SASA Whalen. Finally, the defendants seek a protective order for Judge Emons and SASA Whalen, directing the plaintiff to limit any questioning to the events on or immediately preceding August 6, 2015, the date of the arrest, which arrest is the subject of the plaintiff's causes of action in this case against the Town of Woodbridge and two of its police officers.

1

The plaintiff opposes the two Motions on several grounds. First, she seeks to excuse her compliance with Rule 31. Second, she states that she "has amended the complaint today" and argues that this amended complaint justifies the scope of the questions set forth in each subpoena. The plaintiff then iterates some of the history of her divorce proceedings. In reply, the defendants argue that the plaintiff has not come forward with any evidence that she complied with Rule 31 and further argue that the questions of Judge Emons and SASA Whalen are burdensome.

First, the court notes the plaintiff does not, at this time, have the right to amend. See Fed. R. Civ. P. 15(a). Her Motion to Amend (Doc. No. 105) has not been granted. At the time she served her two subpoenas, the still-pending original Complaint in this action involved her arrest in August 2015. See Complaint (Doc. No. 1-2) at 4. Further, this court denied the plaintiff's request to add Judge Emons and SASA Whalen. See Order (Doc. No. 79).

Taking first the defendants' argument that the subpoenas should be quashed because they did not comply with Rule 31, the defendants note that the Rule requires the plaintiff to first serve a copy of her written questions to a non-party upon the defendants. This requirement serves two purposes: first, it permits an opposing party to be aware of what discovery is being sought from a non-party by a party in litigation; and second, it permits the opposing party, as the Rule provides, to serve cross-questions. See Fed. R. Civ. P. 31(a)(5).

Based on the record before this court, it appears that the plaintiff, admittedly, proceeding pro se, did not comply with the Rule. The plaintiff apparently served the subpoenas upon the non-parties, Whalen and Judge Emons. Motion to Quash (Doc.

Nos. 83 & 84) at 1.  This, of course, does not in any way address the defendants' claim that they were not served, as required by the Rule, a copy of the subpoena to be served upon Judge Emons and a copy of the subpoena to be served upon SASA Whalen.  Therefore, the subpoenas are quashed for failure to comply with Rule 31.

Given that this case has been pending now for over 15 months, the court will proceed to address the defendants' burdensome argument and their request for a protective order in the event that the plaintiff continues to seek to obtain discovery from the non-parties, SASA Whalen and Judge Emons.[1]  Having reviewed the subpoenas issued by the plaintiff to Judge Emons and SASA Whalen, the court concludes that they are indeed burdensome and do not seek discoverable information under the Rule.  The non-parties are entitled to a protective order.  Almost every question, in each of the subpoenas, relate to events in 2013 and the plaintiff's divorce proceeding, are argumentative, and are not discoverable under the Rules in this case, which involves claims arising from a 2015 arrest.  See Fed. R. Civ. P. 26(b) ("Parties may obtain discovery regarding any non privileged matter that is relevant to any party's claim . . . .").  For example, in question ten, the plaintiff asks SASA Whalen to answer a question about an incident in 2013: "How likely do you think it was that a 53 year old woman rang a bell, out ran German shepherds . . . and then came back and rang the bell again at approximately: 1:38 am?"  Further, there are questions about Judge Emons' re-confirmation proceedings, which have no relevance to the plaintiff's causes of action arising out of her arrest in August 2015.  See, e.g., Subpoena (Whalen) (Doc.

---

[1] The court notes that the extended deadline for discovery was October 1, 2018.  See Order (Doc. No. 79).

3

No. 84-1) at 7 ¶ 9; 9 ¶¶ 15, 16.  Among other reasons, the court notes that Judge Emons' re-confirmation hearing took place in 2018.  See id. at 7 ¶ 9.

In a subpoena propounding written questions, the court finds it irrelevant and entirely inappropriate for the questioner to make statements such as the following: "You, John Whalen, used the court system to torture.  You, John Whalen, dragged Lee Whitnum into criminal court for 41 court appearances refusing to adjudicate . . . ."  See id. at 7 ¶ 8.  Statements such as this proceed a question, "do you feel any responsibility now for not standing up to Emons and telling her "back off"."  Id. at 7 ¶ 8.  The court finds that this question is not relevant to any of the plaintiff's claims and, in the context of the language that proceeds it, clearly demonstrates an intent and goal of the plaintiff to harass the non-party SASA Whalen.

Many of the questions appear to be directed to events that occurred in 2013, which the court finds irrelevant and unlikely to lead to information relevant to the plaintiff's claims about an arrest based upon a protective order in 2015.  There was an apparent prosecution that arose out of incidents occurring in May and June of 2013.  However, the court does not see a basis for the relevancy of matters, which occurred in that time frame, to the arrest that occurred in August 2015.

Certainly, the plaintiff's opposition does not supply a basis.  The plaintiff recites matters which occurred during her divorce in 2012 and 2013, and the fact that on June 22, 2013, the plaintiff was charged with the stalking and harassment of Judge Emons.  She then recites aspects of that criminal prosecution.

The court has reviewed all of the questions propounded to SASA Whalen and finds none of them to be within the scope of discovery permitted under Rule 26.  SASA

Whalen is required to produce any documents in his possession, custody, or control that concern or relate to the events surrounding the arrest of the plaintiff by the two defendant officers on August 6, 2015.  Other than that, a protective order is granted as to the subpoena issued by the plaintiff on September 5, 2018, to SASA Whalen.

The court has reviewed all of the questions propounded to Judge Emons and finds none of them to be within the scope of discovery permitted under Rule 26.  Judge Emons is required to produce any documents in her possession, custody, or control that concern or relate to the events surrounding the arrest of the plaintiff by the two defendant officers on August 6, 2015.  Other than that, a protective order is granted as to the subpoena issued by the plaintiff on September 5, 2018, to Judge Emons.

The Motions to Quash and for Protective Order (Doc. Nos. 83 and 84) are **GRANTED** as stated above.

**SO ORDERED.**

Dated at New Haven, Connecticut this 12th day of December 2018.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge