UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| L. LEE WHITNUM, | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 3:17-CV-1362 (JCH) |
| v. | : | |
| | : | |
| TOWN OF WOODBRIDGE, ET AL | : | DECEMBER 12, 2018 |
| Defendants. | : | |

**RULING RE: PLAINTIFF'S MOTIONS FOR RECONSIDERATION
(DOC. NOS. 96, 98 & 113)**

Plaintiff, L. Lee Whitnum, has requested the court to reconsider its prior Rulings, in which Rulings the court denied further extensions of time to conduct discovery. See Orders (Doc. Nos. 69, 88).

The standard for granting a motion for reconsideration is strict. Reconsideration will be granted only if the moving party can identify controlling decisions or data that the court overlooked and that would reasonably be expected to alter the court's decision. See Analytical Surveys, Inc. v. Tonga Partners, 684 F.3d 36, 52 (2d Cir. 2012) (citing Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)). When reviewing a motion for reconsideration, the court considers three questions: (1) whether there has been "an intervening change of controlling law;" (2) whether the movant is presenting new evidence that was not available when the original motion or response was filed; and (3) whether there is a "need to correct a clear error or prevent manifest injustice." Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d 99, 104 (2d Cir. 2013) (quoting Virgin Atl. Airways, Ltd. v. National Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)). A motion for reconsideration "is not a vehicle for relitigating

1

old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." Analytical Surveys, 684 F.3d at 52 (internal quotation marks omitted).

In her Motions, the plaintiff has not sent forth any basis that would meet this standard, or on any basis justify an extension of the discovery deadline.  This court previously granted a Motion for Extension of time in early July 2018, extending the discovery deadline until September 1, 2018.  See Order (Doc. No. 43).  In that Order, the court stated, "[a]bsent an emergency, no further extensions to these deadlines will be provided."  Id.  Subsequently, the court granted, in part, a Motion for Extension of the discovery deadline to October 1, 2018, based on exigent circumstances.  See Order (Doc. No. 69).

This case has been pending for more than 15 months.  There is no evidence that plaintiff has been diligent in seeking discovery related to her claims of false arrest in August 2015.  There is no good cause for further time to pursue discovery.

Therefore, the Motions to Reconsider (Doc. No. 96, 98 & 113) are denied.

**SO ORDERED.**

Dated at New Haven, Connecticut this 12th day of December 2018.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge