**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| L. LEE WHITNUM,<br>Plaintiff,<br><br>v.<br><br>TOWN OF WOODBRIDGE, ET AL<br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION NO.<br>3:17-CV-1362 (JCH)<br><br><br>DECEMBER 12, 2018 |

**RULING RE: PLAINTIFF'S MOTION FOR ORDER and MOTION TO COMPEL and MOTION FOR SANCTIONS (DOC. NO. 99)**

By Motion dated October 10, 2018 (Doc. No. 99), the plaintiff L. Lee Whitnum, has moved for various relief. The defendants have filed an Objection to the Motions to Compel and for Sanctions (Doc. No. 115) ("Objection").

With respect to the Motion to Compel, the court notes that the defendants have responded by pointing out that the Report which the plaintiff seeks, and claims has not been produced in its entirety, has already been produced. See Objection (Doc. No. 115) at 2–3. The document in question is entitled, "Statewide Prosecution Bureau Report #2013-00213 signed by Charles Coffey 1-8-14." Attached to the defendants' Objection is a report bearing this case number and signed by Charles Coffey on 1/8/14. Id. at Exh. 2 (Doc. No. 115-2). It appears to be comprised of two pages. Thus, the court concludes that the Motion to Compel is moot. Further, given that the defendants complied with the subpoena, the Motion for Sanctions is denied.

However, in order to be certain that the document that the plaintiff sought is in fact the two-page document attached by the defendants at Exhibit 2 to its Objection (Doc. No. 115-2), the court orders the manager or person in charge of the subpoena

recipient, “Statewide Prosecution Bureau Report, State’s Attorney,” to submit a brief affidavit attesting that Report #2013-00213 is indeed a two-page document and that it is set forth as Exhibit 2 to the defendants’ Opposition to Motion to Compel.

The plaintiff has, in connection with her Motion to Compel, and based upon her view that the defendants are confused about what reports there are, requested not only report #2013-00213, as she did in her original subpoena, but now seeks all reports of the Statewide Prosecution Bureau “that relate to this plaintiff.” As the defendants properly note in their Objection, this last request is not set forth in the subpoena, and thus the plaintiff has no right to obtain such further reports. However, in the interest of judicial economy and in order to bring this case to a resolution, the court will order the recipient of the subpoena to produce, not only the affidavit the court has described herein with regard to Report #2013-00213, but also all reports that relate to L. Lee Whitnum within the time period of 2014 and 2015.

Lastly, the plaintiff requests permission to exceed the five-page limit imposed on her by District Judge Michael P. Shea. Having reviewed the docket, the court concludes that the Order previously entered by Judge Shea was reasonable and sees no basis to vacate it. The court will note that the five-page limit does not apply to the plaintiff’s response to dispositive motions, such as the pending Motion for Summary Judgment (Doc. No. 121).

**SO ORDERED.**

Dated at New Haven, Connecticut this 12th day of December 2018.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge