UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| L. LEE WHITNUM, | : | |
|     Plaintiff, | : | CIVIL ACTION NO. |
| | : | 3:17-CV-1362 (JCH) |
| v. | : | |
| | : | |
| TOWN OF WOODBRIDGE, ET AL | : | DECEMBER 12, 2018 |
|     Defendants. | : | |

**RULING RE: PLAINTIFF'S MOTION TO COMPEL AND MOTION FOR SANCTIONS AND CERTIFICATION (DOC. NO. 102)**

By Motion dated October 11, 2018, the plaintiff, L. Lee Whitnum ("Whitnum"), filed a Motion to Compel, Motion for Sanctions and Motion for Certification (Doc. No. 102). As the court is unfamiliar with a "Motion for Certificaton," in this context, it will not address that issue, at least in the context of this Motion. The court notes that there is nothing in the plaintiff's Motion that relates to the Motion for Certification identified in the title of the Motion.

Turning next to the Motion to Compel, the plaintiff seeks to compel answers to written interrogatories and request for production. She refers in her Motion to "they" in the context of not answering "more than 100 questions." See Motion to Compel (Doc. No. 102) at 2 ¶ 1. The only written interrogatories and request for production before the court in connection with this Motion are attached to the plaintiff's Reply (Doc. No. 108). These interrogatories are addressed to defendant, Robert B. Crowther ("Crowther"). See Reply (Doc. No. 108) at 6-88. A set of interrogatories, addressed to defendant Frank P. Cappiello ("Cappiello"), and answers thereto, were separately filed. See Cappiello Resp. to Interrogatories (Doc. No. 97). The two sets of interrogatories, and

1

the answers thereto, are identical.  Compare Reply (Doc. No. 108) at 6-88, with Cappiello Resp. to Interrogatories (Doc. No. 97).  The court's ruling applies equally as to each defendant's response.

First, the court notes that the plaintiff failed to confer as required by the Local Rules, which failure alone would provide this court with a basis to deny her Motion to Compel in its entirety.  See D. Conn. L. Civ. R. 37(a).  The court will excuse this oversight on the part of the pro se plaintiff on this Motion, but in the future intends to hold the plaintiff to the requirement that she seek to resolve differences with opposing counsel before filing motions.

The court has reviewed all 114 questions and requests for production of documents that were addressed to the defendants.  The court generally agrees with the defendants, that many of the requests or questions are unintelligible.  A vast majority of the requests are irrelevant to any claim or defense in this case.  In addition, the court notes that, in many instances, while asserting objections, the defendants have provided an answer to at least that portion of the question or request that states a question, as opposed to makes a speech.

In Whitnum's Motion to Compel, there were no questions or requests attached and the plaintiff spends time in her pleading complaining that the defendants have altered evidence and misquoted her.  For example, on page two of the Motion to Compel, Whitnum asserts that the defense counsel "took the first page from Judge Holden's protective order dated 7-9-2013 (docket #50) and used the second page from Judge Arnold's modified protective order dated October 23, 2013 (docket #54).  The attorneys altered evidence!  See Exhibit C pages 5-6 and 7-8."  Motion to Compel (Doc.

No. 102) at 2 ¶ 2.[1]  The court has reviewed both documents on the docket, as well as Exhibit C at the pages noted and can discern no "alteration" of evidence.  Exhibit C at page five is an Order of Protection, bearing the signature "Holder," dated 7/9/13, with "Additional Orders of Protection" on page six.  Page seven and eight appear to the court to be identical Orders of Protection dated 10/25/13 and signed, "Arnold, J."  Comparing these to docket numbers 50 and 54 do nothing to demonstrate that defendants "altered" documents.  Document No. 54 is a typed, five-page Memorandum of Decision dated 10/25/13 and signed by Judge Arnold.  Document Number 50 is a single-page Order of Protection signed on 7/9/13 by "Holder," which appears to be identical to page five of Exhibit C to Whitnum's Motion.  The court can discern no evidence of "alteration."  The rest of Whitnum's Motion/Memorandum is a recitation of events as she perceives them, and does not persuade the court that the Motion to Compel should be granted.  It really does not address any failing by defendant Crowther in responding to this discovery.

Only in her Reply does the plaintiff attach the disputed discovery, thus allowing the court the opportunity to review it.  The court has reviewed all of the 114 questions/requests, and having reviewed them all, the court is inclined to order the defendants to answer portions of them further.  While the court appreciates the defendants' objections that the "questions" are in great respect unintelligible, argumentative, and conclusory, in the interest of advancing this litigation and providing the pro se plaintiff with some discovery, the court directs and orders the defendants to answer the following questions or produce the documents called for with regard to the

---

[1] The court notes that paragraph numbers are repeated in Whitnum's Motion to Compel.  Page two contains two paragraphs numbered "2."  Motion to Compel (Doc. No. 102) at 2.  Here, the court references the second paragraph numbered "2."

following numbered paragraphs in the plaintiff's Deposition by Written Questions and Requests for Production:  Paragraph 11 (answer the two questions on lines 3-4 at page 16 of document 108); Paragraph 12; Paragraph 13; a portion of Paragraph 21 (second sentence/question: "Did you even  . . . "; and "D.  Isn't it true that you . . . order;" a portion of Paragraph 60, as follows: "Have you ever had any contact with John Whalen with regard to L. "Lee" Whitnum?  If so, when and why?"

In all other respects, the court sustains the objections made by the defendants. Crowther and Cappiello are ordered to serve their responses in accordance with this Order no later than January 4, 2019.

The court determines to award no sanctions because it does not find the defendants' responses to have been made in bad faith.  The court finds the questions and requests posed by the plaintiff to be principally inappropriately phrased, and in many instances, difficult to understand.  In the face of that, the court finds that it would be entirely inappropriate to sanction opposing parties for their efforts to address the questions and the requests.  Therefore, the Motion for Sanctions (Doc. No. 102) is denied.

**SO ORDERED.**

Dated at New Haven, Connecticut this 12th day of December 2018.

                                              /s/ Janet C. Hall
                                              Janet C. Hall
                                              United States District Judge