**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| L. LEE WHITNUM, | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 3:17-CV-1362 (JCH) |
| v. | : | |
| | : | |
| TOWN OF WOODBRIDGE, ET AL | : | DECEMBER 12, 2018 |
| Defendants. | : | |

**RULING RE: PLAINTIFF'S MOTION TO AMEND COMPLAINT (DOC. No. 105)**

By Motion filed on October 16, 2018 (Doc. No. 105), the plaintiff, L. Lee Whitnum,

has requested leave to amend her Complaint.  As grounds for her request, she cites 68

pages of discovery recently received.[1]  The defendants have objected to the Motion for

Leave to Amend (Doc. No. 109).

The plaintiff correctly cites Rule 15: "(a) A party may amend its pleading only with

the opposing party's written consent or the court's leave.  The court should freely give

leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  There are two aspects to the

proposed amended complaint, which the court addresses.  First, beginning at paragraph

eight and continuing to paragraph 33, the plaintiff seeks to add pages of pleadings

which are not appropriate allegations in connection with stating a claim pursuant to

Rule 8 (a complaint should contain a "short and plain statement" showing entitlement to

relief).  In effect, the plaintiff appears to plead evidence.  This is inappropriate.[2]  Further,

---

[1] However, the court does not see reference in her Motion to Amend or Reply to any of this new discovery as it would relate to the proposed amendments, and justify the amendment.

[2] In making this observation, the court does not in any way suggest that what is alleged in these paragraphs is relevant evidence to the plaintiff's claims plead in the first 7 paragraphs.

the additional pleading in paragraphs 8-33 relate to former Superior Court Judge Jane

Emons, the plaintiff's divorce proceedings, the plaintiff's arrest in 2013 and related court

proceedings, and Judge Emon's re-confirmation hearing in 2018.  None of this is

relevant to this case, which was brought to assert causes of action arising out of an

arrest of the plaintiff in August 2015.  Thus, the court will permit the plaintiff to docket an

amended complaint that contains paragraphs one through seven of her proposed

amended complaint, which contain additional allegations that relate to her 2015 arrest.

The other aspect of the plaintiff's proposed amended complaint is that she seeks

to add seven new causes of action against all defendants: first amendment, conspiracy,

section 1983 violation, due process, another conspiracy, speedy trial, and defamation.

The defendants object to the addition of new causes of action claiming that discovery is

closed, they are in the midst of preparing a dispositive motion,[3] and this will prejudice

them.  While the court understands that the allowance of the filing of an amended

complaint may necessitate the defendants' modification of their summary judgment

motion, the court can cure that by providing the defendants with an additional,

reasonable time period to file a supplemented or amended summary judgment motion.

As the court has limited the amendment to some additions to plaintiff's original claims as

set forth in paragraphs 1-7, the basic allegations of fact by the plaintiff have not

changed in this proposed amended complaint.  It continues to allege that the

defendants caused her to be arrested for violation of a protective order that did not exist

and, as a result, she was damaged.

---

[3] A Motion for Summary Judgment has been filed (Doc. No. 121).

To the extent the plaintiff seeks to add a cause of action under section 1983 of title 42 of the United States Code for a violation: of her first amendment rights; of her right to due process; and of her right to be free from false arrest,[4] an amended complaint may be filed claiming those causes of action.[5]  The court adds that the plaintiff may file an amended complaint, which asserts a cause of action for defamation and defamation per se under state law.

To the extent plaintiff seeks to amend to add claims for "violation of the constitutional right to speedy trial sixth amendment," see Proposed Amended Complaint (Doc. No. 105) at ¶ 46, the Motion to Amend is denied.  The only possible violation of plaintiff's speedy trial rights, even considering allegations the court has not permitted, would have arisen out of the 2013 arrest and prosecution.  No allegation asserts either of the defendants were involved in the 2013 arrest and prosecution.

To the extent the defendants have claimed that the allowing the assertion of causes of action would be futile, the defendants may assert, e.g., a special defense that the plaintiff's claims are barred by the statute of limitations, and move for summary judgment on that basis.

The plaintiff will have 14 days from the date of this Ruling to file an amended complaint consistent with this Ruling.  Any amended complaint filed that sets forth more than paragraphs 1-7 of the proposed Amended Complaint and paragraphs 34-45 will be stricken.  The defendant may file an amended or supplemental summary judgment

---

[4] While it is not clear from the proposed amended complaint, the court reads the proposed amended complaint to assert a false arrest claim under section 1983 and state law.

[5] The court is not addressing whether any newly added causes of action are futile or fail to state a claim; the court expects defendants will raise any such claims in their revised summary judgment motion.

3

motion no later than January 17, 2018.  The plaintiff will file her opposition to the amended or supplemental summary judgment motion and the motion now pending no later than February 17, 2019.

To the extent the amended complaint purports to assert additional allegations, and causes of action, the defendant should ignore such pleadings and proceed to prepare its amended/supplemental summary judgment motion as to claims and allegations as permitted by this Ruling or originally asserted in the Complaint.

**SO ORDERED.**

Dated at New Haven, Connecticut this 12th day of December 2018.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge