UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| L. LEE WHITNUM | : | |
|     Plaintiff, | : | CIVIL CASE NO. |
| | : | 3:17-CV-1362 (JCH) |
| v. | : | |
| | : | |
| TOWN OF WOODBRIDGE, ET AL., | : | MARCH 22, 2019 |
|     Defendants. | : | |

**RULING RE: PLAINTIFF'S MOTIONS FOR RECONSIDERATION
(DOC. NOS. 139, 145, 147, AND 153).**

## I. INTRODUCTION

Pending before the court are the plaintiff's Motions for Reconsideration of several of this court's prior Orders. Specifically, L. Lee Whitnum's ("Whitnum") seeks reconsideration of the following Order: (1) Order Granting Motions to Quash Subpoenas for Rule 31 Depositions (Doc. No. 131); (2) Order Denying Motion to Compel Full Report (Doc. No. 134); (3) Order Granting in Part and Denying in Part Motion to Compel and for Sanctions (Doc. No. 135); and (4) Order Denying Motion to Cite in John Whalen and Jane Emons (Doc. No. 136).

For the reasons stated below, the Motions for Reconsideration are granted in part and denied in part.

## II. JURISDICTION

Whitnum filed Notices of Appeal to the Second Circuit as to each of the Rulings for which she also moves this court for reconsideration. See Clerk's Certificate Re: Index and Record on Appeal (Doc. No. 173). Generally, "the filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." United States v. Rodgers, 101 F.3d 247, 251 (2d Cir. 1996). However, the

1

Federal Rules of Appellate Procedure provide that, if a party files a notice of appeal after the district court enters judgment "but before it disposes of any motion listed in [Federal] Rule [of Appellate Procedure] 4(a)(4)(A)[,] the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered." Fed. R. App. P. 4(a)(4)(B). Included in the list of motions in Rule 4(a)(4)(A) are motions to "alter or amend the judgment under [Federal] Rule [of Civil Procedure] 59." Fed. R. App. P. 4(a)(4)(A). Therefore, where a party files a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59, before it files a notice of appeal, the district court retains jurisdiction to rule on the motion for reconsideration.

Whitnum filed her Motions for Reconsideration before she filed her Notices of Appeal. While Whitnum did not state the rule under which she sought reconsideration, the District of Connecticut Local Rules provide for such motions under Rule 7(c). See D. Conn. L. Civ. R. 7(c). The Second Circuit has held that motions for reconsideration under the Local Rules are "as a practical matter the same thing as motions for amendment of judgment under Fed. R. Civ. P. 59(e). City of Hartford v. Chase, 942 F.2d 130, 133 (2d Cir. 1991). The Second Circuit has further held that, for purposes of Federal Rule of Appellate Procedure 4(a)(4), a motion for reconsideration under the District of Connecticut Local Rules must be treated the same as a motion under Rule 59. Id.[1] Because Whitnum filed her Motions for Reconsideration prior to filing her Notices of Appeal, the Notices will become effective to appeal from this court's rulings

---

[1] At the time Chase was decided, District of Connecticut Local Rule 9 provided for motions for reconsideration. Local Rule 7(c) now provides for that same motion.

2

when this court has disposed of the last of the pending motions for reconsideration. See Fed. R. App. P. 4(a)(4)(B)  This court therefore has jurisdiction to resolve the pending motions.

## III. LEGAL STANDARD

Motions for reconsideration require the movant to set "forth concisely the matters or controlling decisions which [the movant] believes the Court overlooked in the initial decision or order." D. Conn. L. Civ. R. 7(c).  "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (quotation marks omitted).  The standard for granting a motion for reconsideration is strict. Reconsideration will be granted only if the moving party can identify controlling decisions or data that the court overlooked and that would reasonably be expected to alter the court's decision.  See Analytical Surveys, Inc. v. Tonga Partners, 684 F.3d 36, 52 (2d Cir. 2012) (citing Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)). A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple."  Analytical Surveys, 684 F.3d at 52 (quotation marks omitted).

## IV. DISCUSSION

### A. Motion for Reconsideration of Order Granting Motions to Quash Subpoenas for Rule 31 Depositions (Doc. No. 145).

Whitnum seeks reconsideration of this court's Order (Doc. No. 131) granting the defendants' Motion to Quash Subpoenas addressed to former Superior Court Judge Jane Emons and Supervisory Assistant State's Attorney John Whalen.  See Mot. for

3

Reconsideration (Doc. No. 145). The court quashed the subpoenas for failure to comply with the requirement, under Federal Rule of Civil Procedure 31, that a plaintiff first serve a copy of her written questions to a non-party upon the defendants. See Order (Doc. No. 131) at 2–3; Fed. R. Civ. P. 31. Further, the court determined that the non-parties were entitled to a protective order because "[a]lmost every question, in each of the subpoenas, relate to events in 2013 and the plaintiff's divorce proceeding, are argumentative, and are not discoverable under the Rules in this case, which involves claims arising from a 2015 arrest." Id. at 3.

Whitnum argues that she complied with Federal Rule of Civil Procedure 31 because the "deposition by written question for Emons and Whalen were given . . . . [and] was also served." Mot. for Reconsideration (Doc. No. 145) at 1 ¶ 2. The attached Affidavit, on which Whitnum relies for support, does not establish that Whitnum complied with Rule 31 by serving a copy of written questions upon the defendants. See Affidavit (Doc. No. 145-1). The Affidavit merely states that the affiant accompanied Whitnum to the Office of the State Prosecutor to review records "in compliance with a duly served subpoena." Id. Assuming that the document is referring to the same subpoenas at issue in the Motions to Quash, which is not clear from the face of the Affidavit, the Affidavit assumes that the subpoenas were properly served, but does not provide any basis for such a finding. Because the Affidavit cannot reasonably be expected to alter the court's earlier Ruling, the Motion for Reconsideration (Doc. No. 145) is denied, insofar as it seeks reconsideration of this court's grant of the defendants' Motions to Quash.

4

B. <u>Motion for Reconsideration of Ruling Denying Motion to Compel Full Report #2013-0213 (Doc. No. 139)</u>

Whitnum also seeks reconsideration of this court's Ruling (Doc. No. 134) denying her Motion to Compel disclosure of a report numbered "#2013-0213." <u>See</u> Mot. for Reconsideration (Doc. No. 139). This court previously concluded that the Motion to Compel was moot because the defendants had already produced the document at issue. <u>See</u> Ruling (Doc. No. 134) at 1. Nonetheless, the court ordered the manager or supervisor responsible for the subpoena recipient to submit an affidavit attesting that the report had been produced in its entirety. <u>Id.</u> at 1–2. The defendants submitted the affidavit as ordered, confirming under oath that the requested report had been produced in its entirety. <u>See</u> Affidavit of John R. Whalen (Doc. No. 175).

In her Motion for Reconsideration, Whitnum restates her argument that the report was not produced in its entirety. <u>See</u> Mot. for Reconsideration (Doc. No. 139) at 5 ¶¶ 23–24. However, Whitnum has provided no legal or factual basis for this court to conclude that there is "new evidence that was not available when the original motion or response was filed," or that there is a "need to correct a clear error or prevent manifest injustice." <u>Virgin Atl.</u>, 956 F.2d at 1255. The Motion for Reconsideration (Doc. No. 139) is denied.

C. <u>Motion for Reconsideration of Order Granting in Part and Denying in Part Motion to Compel and Denying Motion for Sanctions (Doc. No. 147).</u>

Whitnum moves this court to reconsider its Order (Doc. No. 135) granting in part and denying in part her Motion to Compel and denying her Motion for Sanctions. <u>See</u> Doc. No. 147. In her original Motion to Compel and for Sanctions (Doc. No. 102), Whitnum argued, <u>inter alia</u>, that the defendants altered evidence. <u>See</u> Order (Doc. No. 135) at 2–3. Whitnum asserted that that the defense counsel "took the first page from

5

Judge Holden's protective order dated 7-9-2013 (docket #50) and used the second page from Judge Arnold's modified protective order dated October 23, 2013 (docket #54). The attorneys altered evidence! See Exhibit C pages 5-6 and 7-8." Id. at 2.

The court, in denying Whitnum's Motion, concluded that the documents and pages referenced by Whitnum did not provide evidence of "alteration." Id. at 3. In her Motion for Reconsideration, Whitnum argues that "Judge' Holden's order was ONE page and Judge Arnolds' order was two pages," and that "by taking the second page of Arnold's order and filing [it[ directly behind the Holden[ ] order," the defendants implied that "both the original protective order and the second – the modification - both have identical second pages. They do not." Mot. for Reconsideration (Doc. No. 147) at 1–2.

A review of the documents indicates that, while Whitnum requested that the court compare pages 5-6 of Exhibit C with pages 7-8 of Exhibit C, her allegation of "alteration" was in fact directed to pages six and 10 of the Exhibit. Page six of Exhibit C appears to be an attachment to an Order of Protection signed on 7/9/13. See Exhibit C (Doc. No. 102-1) at 6. In the section following the description. "You, the Respondent, must follow all the orders and conditions checked or indicated by "X" below," the document on page six includes identical language as the same section of the document on page 10, which appears to be an attachment to an Order of Protection signed on 10/25/13. Compare Exhibit C (Doc. No. 102-1) at 6 with id. at 10. This provides, at least circumstantial support, for Whitnum's argument that the submissions contain an error, though it is possible that the Orders simply used the same language, or that an extra page was attached in error.

The court does not at this time find a sufficient basis to award sanctions. However, evasive or incomplete responses to discovery would reasonably be expected to alter this court's prior ruling on sanctions. See Fed. R. Civ. P. 37(a)(4) ("[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."). Whitnum's original Motion directed the court to incorrect pages of the exhibits, an avoidable error which would provide a sufficient basis to deny the Motion for Reconsideration. However, in the interests of justice and given Whitnum's pro se status, the court grants the Motion to Reconsider for the limited purpose of ordering the defendants to submit an affidavit confirming that the copies of the protective orders, as submitted in response to Whitnum's document requests, are complete and accurate. If the submitted documents are not complete and accurate, the defendants shall file a correction of any error along with a statement showing cause why the error should not result in sanctions. The Motion for Reconsideration (Doc. No. 147) is granted in part.

### D. Motions for Reconsideration of Orders Denying Motions to Cite in John Whalen and Jane Emons (Doc. Nos. 145 and 153)

In two of her Motions for Reconsideration, Whitnum moves this court to reconsider its Order (Doc. Nos. 136) denying her Motions to Cite in John Whalen and Jane Emons. See Motions to Reconsider (Doc. Nos. 145 and 153). In her first Motion (Doc. No. 145), Whitnum argues that her Motion to Cite In was not, as the court concluded, untimely, See Mot. for Reconsideration (Doc. No. 145) at 1–2 ¶ 3. She argues that the court should allow her Motion because she has the "right to amend the complaint" and because a pro se complaint should be liberally construed. Id. In her related Motion for Reconsideration (Doc. No. 153), Whitnum argues that Emons "needs

7

to be cited in for her role and action in the August 2015 arrest." See Mot. for Reconsideration (Doc. No. 153) at 3.

However, Whitnum provides no support, in either filing, for a finding that there is new, previously unavailable evidence, to support her Motion to Cite in John Whalen and Jane Emons. Nor has Whitnum provided any basis to conclude that, in denying Whitnum's attempt to join parties to this case at this juncture, when motions to join parties were due by October 11, 2017, see Order (Doc. No. 79), the court committed a clear error or manifest injustice. The Motions for Reconsideration (Doc. Nos. 145 and 153) are denied.

**V. CONCLUSION**

For the reasons stated above, Plaintiffs' Motions for Reconsideration (Docs. No. 139, 145, and 153) are **DENIED**. The Plaintiff's Motion for Reconsideration (Doc. No. 147) is **GRANTED IN PART**. The defendants are **ORDERED** to submit an affidavit confirming that the copies of the protective orders, located at Exhibit C (Doc. No. 102-1), pages 6–10, submitted in response to Whitnum's document requests, are complete and accurate. If the submitted documents are not complete and accurate, the defendants shall file a correction of any error along with a statement showing cause why the error should not result in sanctions. The defendants shall submit said affidavit or correction and statement by April 1, 2019.

**SO ORDERED.**

Dated at New Haven, Connecticut this 22nd day of March 2019.

                                                   /s/ Janet C. Hall
                                                 Janet C. Hall
                                                 United States District Judge