UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| L. LEE WHITNUM<br>    Plaintiff, | :<br>:<br>: | CIVIL CASE NO.<br>3:17-CV-1362 (JCH) |
| v. | :<br>: | |
| TOWN OF WOODBRIDGE, ET AL.,<br>    Defendants. | :<br>: | JULY 11, 2019 |

**RULING RE: PLAINTIFF'S MOTION TO TRANSFER (DOC. NO. 125), FURTHER MOTION TO TRANSFER (DOC. 141), FURTHER MOTION TO TRANSFER (DOC. NO. 142), AFFIDAVIT AND MEMORANDUM OF LAW (DOC. NO. 177), AND SECOND MOTION TO DISQUALIFY (DOC. NO. 210)**

The plaintiff, L. Lee Whitnum ("Whitnum"), filed numerous Motions to Transfer and to Disqualify the undersigned. See Motion to Transfer (Doc. No. 125), Further Motion to Transfer (Doc. No. 141), Further Motion to Transfer (Doc. No. 142), Affidavit and Memorandum of Law (Doc. No. 177), and Motion for Extension of Time, Transfer of Venue, and Disqualification ("Second Mot. Disqualify") (Doc. No. 210).[1] The defendants filed an Objection on December 21, 2018. See Objection (Doc. No. 144). Until recently, there were as many as eight interlocutory appeals pending at the Second Circuit. Whitnum v. Woodbridge, No. 19-1408, (2d Cir., filed May 10, 2019). Those appeals having been dismissed, the court now addresses plaintiff's numerous motions seeking transfer of her case or recusal of the undersigned.

For the reasons stated below, Whitnum's Motions are denied.

---

[1] While not docketed by Whitnum as motions, docket entries 141, 142, and 177 are styled as motions, and the court will consider these filings as such. The Clerk is directed to correct docket entries 141, 142, and 177 such that the docket correctly reflects that the filings are motions.

1

## I. INTRODUCTION

Whitnum commenced this action on August 11, 2017. See Complaint ("Compl.") (Doc. No. 1). She named as defendants the Town of Woodbridge, Officer Robert B. Crowther, and Officer Frank P. Cappiello. Id. In her Complaint, she alleged that her fourth amendment right to be free from arrest without probable cause was violated when Crowther and Cappiello obtained an arrest warrant, pursuant to which she was arrested. Whitnum claims negligence, malicious prosecution, false arrest, and negligent infliction of emotional distress against all three defendants.

The case was initially assigned to District Judge Stefan Underhill. On August 18, 2017, Judge Underhill transferred the case, whereupon it was reassigned to District Judge Michael P. Shea. See Order of Transfer (Doc. No. 11). The case was transferred to District Judge Kari A. Dooley, upon her swearing in, as part of a random reassignment of cases to a new district judge. See Order of Transfer (Doc. No. 81). Subsequently, Judge Dooley transferred the case, at which point it was randomly reassigned to the undersigned. See Order of Transfer (Doc. No. 119).

## II. LEGAL STANDARD

### A. Motion to Disqualify

Two federal statutes govern disqualification of a judge. Section 455 of title 28 of the United States Code requires that a judge disqualify herself where, inter alia, a judge's impartiality "might reasonably be questioned," or where a judge has a "personal bias or prejudice concerning a party." 28 U.S.C. § 455(a), (b)(1). By its own terms, section 455 does not provide relief to a party seeking to cause a court to disqualify itself from a case; rather, it acts as a self-governing directive for the district court. 28 U.S.C.

§ 455(a)-(b) ("Any . . . judge . . . of the United States shall disqualify himself . . . . He shall also disqualify himself . . . ." (emphasis added)).  However, a party may seek relief on proper motion under section 144 of title 28 of the United States Code.  That section provides, in pertinent part:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice against either him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

28 U.S.C. § 144.  The statute requires that the movant's affidavit "state the facts and the reasons for the belief that bias or prejudice exists."  Id.

Where a party to a proceeding files a sufficient affidavit, as provided for in section 144 of title 28 of the United States Code,[2] another judge must be assigned to hear the proceeding.  Id.  However, the "mere filing of an affidavit of prejudice does not require a judge to recuse himself. . . . [Rather, a] judge has an affirmative duty to inquire into the legal sufficiency of such an affidavit and not to disqualify himself unnecessarily," especially where "the request for disqualification was not made at the threshold of the litigation and the judge has acquired a valuable background of experience."  Nat'l Auto Brokers Corp. v. Gen. Motors Corp., 572 F.2d 953, 958 (2d Cir. 1978) (quoting Rosen v. Sugarman, 357 F.2d 794, 797-98 (2d Cir. 1966)).

The Second Circuit has instructed that sections 455 and 144 are to be read together, and that both are generally governed by the same standards.  Apple v. Jewish

---

[2] Whitnum filed an Affidavit in support of her request for recusal.  See Affidavit and Memorandum of Law (Doc. No. 177).  Given her pro se status, however, the court also treats the allegations provided in her Motions to Transfer, Disqualify, and Recuse as compliant with section 144 of title 28 for the purposes of this Ruling.

3

Hosp. and Med. Ctr., 829 F.2d 326, 333 (2d Cir. 1987). The ultimate inquiry for recusal is "whether a reasonable person, knowing all the facts, would conclude that the court's impartiality might reasonably be questioned." Id.

    B.    Motion to Transfer

Whitnum also moves this court to transfer this civil action to New Jersey. The court construes Whitnum's various Motions requesting transfer of this case as Motions to Transfer Venue. Such motions are governed by section 1404(a) of title 28 of the United States Code, which provides, inter alia, that a district court, "may transfer any civil action to any other district . . . where it might have been brought." Id. The district court may order such a transfer "[f]or the convenience of parties and witnesses [and] in the interest of justice." Id.

> District courts possess broad discretion under § 1404(a), and consider factors such as: (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties.

Gottlieb v. U.S. Sec. & Exch. Comm'n, 723 F. App'x 17, 19 (2d Cir. 2018).

**III.    DISCUSSION**

    A.    Motion to Disqualify

Based on its review of Whitnum's various filings, the court understands Whitnum to make the following arguments in favor of recusal. Whitnum alleges bias on the part of the undersigned based on an alleged friendship between former Judge Jane Emons and the undersigned. Whitnum argues that the undersigned is seeking to "protect" Emons or is in some way doing former Emons' "bidding" as a result of the alleged friendship. See Second Mot. Disqualify (Doc. No. 210) at 3 ¶ 9, 4 ¶12. Whitnum

4

suggests that the undersigned has been in communication with Emons; Whitnum states that she "believes as soon as Judge Janet Hall was given this case, she was probably called by Judge Emons . . . ." Motion to Transfer (Doc. No. 125) at 2-3 ¶ 6; see also Second Mot. Disqualify (Doc. No. 210) at 4 ¶ 12 ("[Just] because she calls you on the phone, doesn't mean you have to do what she asks."). Whitnum also states, without any basis or evidence, that "Judge Hall clearly has a personal relationship with Judge Emons and even the smack of bias is ground for voluntary step down." Reply (Doc. No. 178) at 5 ¶ 16. Whitnum also argues that the undersigned's failure to permit her to cite in Emons is "bias." See Reply (Doc. No. 178) at 4.

The court cannot inquire into the truth of the matters alleged in the Affidavit and must accept them as true for the purpose of ruling upon their legal sufficiency, however unfounded they may be in fact. United States v. Int'l Bus. Machines Corp., 475 F. Supp. 1372, 1379 (S.D.N.Y. 1979) (citing Berger v. United States, 255 U.S. 22, 36, 41 S.Ct. 230, 65 L.Ed. 481 (1921)), aff'd sub nom. In re Int'l Bus. Machines Corp., 618 F.2d 923 (2d Cir. 1980). However, the appearance-of-impartiality test is one of reasonableness; "it does not require recusal in response to vague, unsupported or speculative charges of impartiality." McCann v. Commc'ns Design Corp., 775 F. Supp. 1506, 1523 (D. Conn. 1991). Indeed, an affidavit in support of a Motion to Disqualify must "show a true personal bias and must allege specific facts and not mere conclusions and generalities." Id. at 1524 (citing United States v. IBM., 475 F. Supp. at 1379). Whitnum's arguments for disqualification of the undersigned in her various Motions are conclusory, speculative, and based on innuendo. She provides no factual basis for her general and conclusory allegations of friendship between the undersigned and Emons, for her

"belief" that communications between Emons and this court have occurred, or for her claim that actions taken—and not taken—by this court are somehow vaguely connected to a bias founded in the friendship she alleges exists between the undersigned and Emons.  The court declines to take as true Whitnum's conclusory allegations and speculative beliefs.  Such allegations are categorically, legally insufficient to support recusal.  See McCann, 775 F. Supp. at 1529 (concluding that, "absent some factual support, plaintiff's 'beliefs' and fanciful speculations are plainly irrelevant").[3]

This court finds no reasonable basis to recuse itself from this case.  There are no factually supported allegations of "extrajudicial sources" of bias that could cause a reasonable person to question the undersigned's impartiality.  Apple, 829 F. 2d at 333; see also Liteky v. United States, 510 U.S. 540, 551-54 (1994).  This court can discern no sufficient basis in Whitnum's various filings upon which a reasonable person would, knowing all the above, conclude that the undersigned lacks impartiality of judgment, or that the undersigned is biased.  To the extent Whitnum rests her argument on rulings of this court, the mere fact that this judge has ruled against the plaintiff cannot be the basis

---

[3] Although the court would not challenge the truth of Whitnum's Affidavit, to the extent that it sets forth facts, in ruling on the merits of Whitnum's Motions, the undersigned notes, see McCann, 775 F.Supp. at 1529 n.21, that other than through this case, the undersigned knows Emons only to the extent that Emons filed appearances as an Assistant Attorney General in civil cases assigned to the undersigned, in which then-Attorney Emons represented the state.  The court has only the slightest recollection as to then-Attorney Emons' involvement in those cases.  Other assistant attorneys general also appeared in those cases.  Then-Attorney Emons appeared in cases filed beginning in August 1998.  The last case in which she appeared was filed in December 2007.  On April 29, 2010, presumably in connection with her appointment to the bench, then-Attorney Emons withdrew her appearances in the two, then-open cases pending before the undersigned.

Other than a passing greeting many years ago at a Bar Association event, the undersigned does not recall any non-case interaction with Emons, or anyone else associated with Emons.  Emons has not "called" the undersigned in connection with this litigation, nor has she called the undersigned for any other purpose.  Finally, Emons is not a "friend" of the undersigned.  The undersigned does not "socialize" with, nor has the undersigned in any context been "associated" with, Emons or her husband.  See Motion to Transfer (Doc. No. 125) at 13 ¶ 3.

for recusal.  Apple, 829 F.2d at 333.  While adverse rulings may be appealed, they do not justify recusal or disqualification.  Section 144 "was never intended to enable a discontented litigant to oust a judge because of adverse rulings."  United States v. IBM., 475 F. Supp. at 1379.

The undersigned further notes—while it appears unrelated to a Motion to Disqualify—that she is no longer the Chief Judge.  Chief Judge Underhill is the current chief judge in this district.  However, as Whitnum herself notes, the Chief Judge of a district cannot "fire" a colleague.  Further, that she complains of rulings, actions, or inactions of one or more of the undersigned's colleagues, cannot be a basis for recusal.  No reasonable person would conclude, in this case, that because a colleague of the undersigned has been criticized by a litigant, that the undersigned could not fairly preside over her case.

The court concludes there is no basis for this court to be viewed as biased or that its impartiality might reasonably be questioned.  Apple, 829 F. 2d at 333; see also Dekom v. New York, 583 F. App'x 15, 17 (2d Cir. 2014).  Therefore, Motion to Transfer (Doc. No. 125), Further Motion to Transfer (Doc. No. 141), Further Motion to Transfer (Doc. No. 142), Affidavit and Memorandum of Law (Doc. No. 177), and Second Motion to Disqualify (Doc. No. 210) are denied to the extent they seek to disqualify the undersigned in this matter.[4]

---

[4] The court notes that Whitnum frequently fails to sign her submissions.  See, e.g., Motion to Transfer (Doc. No. 125) at 13; Second Motion for Disqualification (Doc. No. 210) at 4.  The court reminds Whitnum that "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented.".  See Fed R. Civ. P. 11(a).  By signing a submission, the signing party certifies that the submission is made for proper purposes, based on a good-faith legal argument, and that the contentions therein are adequately supported.  Id. 11(b).  Failure to adhere to the signature requirement of Rule 11 can result in sanctions.  Id. 11(c).

B. Motion to Transfer

In all the pleadings referenced herein, Whitnum cites no authority for the court to transfer this case. There is nothing "convenient" about New Jersey for the trial of this case. All parties are located in Connecticut, and all possible witnesses and documents would presumably be here as well. Nor is it clear—and Whitnum provides no basis upon which to find—that a federal court in New Jersey would have jurisdiction over the instant action. See 28 U.S.C. § 1404(a) (stating "a district court may transfer any civil action to any other district or division where it might have been brought."). The factors this court considers in ruling on a Motion to Transfer Venue weigh heavily in favor of denying such a motion here. Indeed, the court can discern no basis or justification to transfer this case to any other district.

The court notes that one of the apparent bases for an out-of-state transfer is that former Judge Emons has used her position as a judge against Whitnum. Whitnum worries she cannot get a fair trial in Connecticut because every Connecticut Judge lives in Connecticut, which is where Emons lives. See, e.g., Motion to Transfer (Doc. No. 125) at 1 ¶ 1 (arguing that "transfer is appropriate as this litigant believes a fair trial in this matter cannot be had in this state"). The basis for the lawsuit before this court, which Whitnum seeks to transfer, is her arrest in 2015 on a warrant. The core issue in the case is whether there was probable cause to arrest. The basis for the claimed probable cause in Whitnum's arrest is Whitnum's alleged violation of a protective order, which order Whitnum argues had expired by the time of her arrest. While the relevant protective order was issued based upon circumstances concerning then-Judge Emons, that basis does not bring into this case Whitnum's divorce, which preceded her 2015 arrest, and which divorce Whitnum appears to seek to relitigate. See, e.g., Motion to

Transfer (Doc. No. 125) at ¶ 10 (quoting televised testimony of Emons' reconfirmation hearing); id. ¶ 11 (arguing the Emons "kept [Whitnum] from her own husband and unlawfully denied conciliation"); id. ¶ 14 (stating that Whitnum "would like to talk about Emons' practice of keeping loved ones apart (as she did in the case of this wife and her husband)").

This court can discern no basis to transfer this case to a randomly-identified district outside this Circuit. Therefore, the various Motions to Transfer and those requesting transfer cited above are denied to the extent they seek to transfer this case to the District of New Jersey.

**SO ORDERED.**

Dated at New Haven, Connecticut this 11th day of July 2019.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge