**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| L. LEE WHITNUM | : | |
| Plaintiff, | : | CIVIL CASE NO. |
| | : | 3:17-CV-1362 (JCH) |
| v. | : | |
| | : | |
| TOWN OF WOODBRIDGE, ET AL., | : | JULY 17, 2019 |
| Defendants. | : | |

**ORDER  RE: MOTION FOR ORDER RESTORE EXHIBITS TO THE DOCKET**
**(DOC. NO. 181)**

Pending before the court is plaintiff's Motion for Order Restore Exhibits to the

Docket (Doc. No. 181).  The Motion is denied.   The plaintiff repeatedly files "exhibits"

that are unrelated to any motion or memorandum.  See, e.g., Doc. Nos.  46-66, 71, 73-

74, 141-143, 146, 151, 154, 156, 179, 187-192.   She appears to wish to create a

"record" with these "exhibits."

Plaintiff has been ordered twice to show cause why various of these "exhibit"

filings should not be stricken as discovery filed in violation of F.R.Civ.P. 5(d) and D.

Conn. L.R. 5(f).  See Orders to Show Cause (Doc. Nos. 70 & 79).   The plaintiff did not

show cause, and the court put the plaintiff on notice:

> "[S]hould she continue to file material on the docket that is not germane to
> this case, the Court will conclude that she is unable or unwilling to follow the
> rules and will suspend her electronic filing privileges by vacating its order
> (ECF No. 21) permitting her to participate in electronic filing and consider
> imposing other sanctions, including a filing injunction.  See ECF Policies
> and Procedures, D. Conn., I.E. ("Electronic filing by self-represented...
> parties will generally not be permitted at this time, although self-represented
> non prisoner parties may file a motion for permission to electronically file
> documents.")"

Id. Despite that warning, and prior ones[1], plaintiff continues to file "exhibits" as discovery/evidence.

As a few examples, after being advised that such docketing is not appropriate, the plaintiff docketed the following:

- Notice of Additional Authority Sprint Corporation of Judge Shea's Receipt (Doc. No. 141);

- Notice of Additional Authority State Police who Provided Proof Positive a Link Between Judge Kari Dooley and former judge, Jane Emons (Doc. No. 142);

- Exhibit Emons Report to State Police of a Bill Board Against Her Reconfirmation and the Receipt of an Email Regarding it with Judge Kari Dooley (Doc. No. 143);

- Exhibit C – Judicial Marshall Kirchner's Lies Told to Him by Emons in August 2015 and Officer Crowther's Failure to Determine the Truth by Believing the Lies.  This is proof positive that Emons needs to be cited in (Doc. No. 146);

- EXHIBIT D, Administratively closed by Woodbridge Police on 9-17-2013, Despite Whalen continued to unlawfully prosecute (Doc. No. 151),

- EXHIBIT F, protective order issued in Holden's Court. This litigant did not find out until months later that this was for the June 22, 2013 ring and run. A crime this litigant did NOT commit (Doc. No. 154);

---

[1] On August 28, 2018, an Order to Show Cause why discovery materials identified as "exhibits" should not be stricken.  See Order (Doc. No. 70).

- EXHIBIT the letter from the Sprint Corporation to Judge Shea (Doc. No. 156),

- EXHIBIT for Reply and Request for Sanctions for a lie on the record by defense counsel. Exhibit is five affidavits of service all given to 3rd parties more than 20 days before deadline. This litigant has been VERY diligent - to state otherwise is a lie, lying is unacceptable - $500 sanctions is in order (Doc. No. 179);

- EXHIBIT D - Transcript from arraignment (Doc. No. 187);

- EXHIBIT E - Attorney attempts to charge for exparte meeting with Prosecutor John Whalen and "other lawyers" (Doc. No. 188),

- EXHIBIT C - Mary Pezone affidavit that we showed up to inspect and were turned away by statewide prosecution bureau guys (Doc. No. 189),

- EXHIBIT A - subpoena that had been duly served for inspection and access (Doc. No. 190),

- EXHIBIT B - John Whalen subpoena and requests from production (Doc. No. 191), and

- EXHIBIT F, Subpoena for all States' Attorney file case 3:15-cv-0959 which federal Judge Underhill refused to compel (Doc. No. 192).

Rather than respond to the court's Order to Show Cause, the plaintiff has moved for an order. See Motion for Order (Doc. No. 181). She appears to rest her need to file evidence/discovery materials on the docket due to what happened at the District of Connecticut and the Second Circuit in an unrelated matter. See Motion (Doc. No. 181) at 1. In reviewing plaintiff's description, this court discerns no reason to justify repeated,

multiple filing of "exhibits" or documents that are not related to a motion or matter pending for action before this court.[2]

The court orders that document numbers 141-143, 146, 151, 154, 156, 179, 187-192, filed after Judge Shea had already struck some (Doc. Nos. 46-66, 71, 73, 74), are stricken from the record.  Further, the court informs the plaintiff that any further filing of "exhibits" unrelated to a motion will be stricken without notice and the plaintiff may be sanctioned for each such "exhibit" filed.  Finally, the court will likely order that she will be unable to utilize the e-filing system.

**SO ORDERED.**

Dated at New Haven, Connecticut this 17th day of July 2019.


 /s/ Janet C. Hall
Janet C. Hall
United States District Judge

---

[2] The court notes that recently, the plaintiff filed many exhibits in connection with her Opposition to Motion for Summary Judgment and her Cross Motion for Summary Judgment.  See, e.g., Doc. Nos. 228-234, 236-242.  Although these filings should have been docketed as attachments to her pleading, nonetheless they are appropriately filed on the docket as they relate to a pleading/motion.