UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| L. LEE WHITNUM<br>    Plaintiff, | :<br>:<br>: | CIVIL CASE NO.<br>3:17-CV-1362 (JCH) |
| v. | :<br>: | |
| TOWN OF WOODBRIDGE, ET AL.,<br>    Defendants. | :<br>: | NOVEMBER 22, 2019 |

**RULING RE: PLAINTIFF'S MOTION FOR DISQUALIFICATION (DOC. NO. 280) AND MOTION TO STAY (DOC. NO. 281).**

The plaintiff, L. Lee Whitnum ("Whitnum"), has filed a second Motion to Disqualify the undersigned.[1]  See Emergency Motion for Disqualification (Doc. No. 280) ("Mot."). She subsequently filed a Motion to Stay pending the outcome of her Motion to Disqualify.  See Emergency Motion to Stay (Doc. No 281).  For the reasons stated below, Whitnum's Motion to Disqualify (Doc. No. 280) is denied, and Whitnum's Motion to Stay is denied as moot.

**I.     INTRODUCTION**

Whitnum commenced this action on August 11, 2017.  See Complaint ("Compl.") (Doc. No. 1).  She named as defendants the Town of Woodbridge, Officer Robert B. Crowther, and Officer Frank P. Cappiello.  Id.  In her Complaint, she alleged that her Fourth Amendment right to be free from arrest without probable cause was violated when Crowther and Cappiello obtained an arrest warrant, pursuant to which she was arrested.  Whitnum claims negligence, malicious prosecution, false arrest, and negligent infliction of emotional distress against all three defendants.

---

[1] Whitnum previously filed a Motion to Disqualify the undersigned.  See Doc. No. 210.  In that Motion, Whitnum alleged bias based upon an alleged friendship between former Judge Jane Emons and the undersigned.  Id. at 3.  The court denied that Motion.  See Ruling (Doc. No. 243).

1

The case was initially assigned to District Judge Stefan Underhill.  On August 18, 2017, Judge Underhill transferred the case, whereupon it was reassigned to District Judge Michael P. Shea.  See Order of Transfer (Doc. No. 11).  The case was transferred to District Judge Kari A. Dooley, upon her swearing in, as part of a random reassignment of cases to a new district judge.  See Order of Transfer (Doc. No. 81).  Subsequently, Judge Dooley transferred the case, at which point it was randomly reassigned to the undersigned.  See Order of Transfer (Doc. No. 119).  In a previous Ruling, this court denied Whitnum's Motions to Transfer and Motion to Disqualify.  See Ruling (Doc. No. 243).

## II. LEGAL STANDARD

Two federal statutes govern disqualification of a judge.  Section 455 of title 28 of the United States Code requires that a judge disqualify herself where, inter alia, a judge's impartiality "might reasonably be questioned," or where a judge has a "personal bias or prejudice concerning a party."  28 U.S.C. § 455(a), (b)(1).  By its own terms, section 455 does not provide relief to a party seeking to cause a court to disqualify itself from a case; rather, it acts as a self-governing directive for the district court.  28 U.S.C. § 455(a)-(b) ("Any . . . judge . . . of the United States shall disqualify himself . . . . He shall also disqualify himself . . . ." (emphasis added)).  However, a party may seek relief on proper motion under section 144 of title 28 of the United States Code.  That section provides, in pertinent part:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice against either him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

28 U.S.C. § 144.  The statute requires that the movant's affidavit "state the facts and the reasons for the belief that bias or prejudice exists."  Id.

Where a party to a proceeding files a sufficient affidavit, as provided for in section 144 of title 28 of the United States Code, another judge must be assigned to hear the proceeding.  Id.  However, the "mere filing of an affidavit of prejudice does not require a judge to recuse himself. . . . [Rather, a] judge has an affirmative duty to inquire into the legal sufficiency of such an affidavit and not to disqualify himself unnecessarily," especially where "the request for disqualification was not made at the threshold of the litigation and the judge has acquired a valuable background of experience." Nat'l Auto Brokers Corp. v. Gen. Motors Corp., 572 F.2d 953, 958 (2d Cir. 1978) (quoting Rosen v. Sugarman, 357 F.2d 794, 797-98 (2d Cir. 1966)).

The Second Circuit has instructed that sections 455 and 144 are to be read together, and that both are generally governed by the same standards.  Apple v. Jewish Hosp. and Med. Ctr., 829 F.2d 326, 333 (2d Cir. 1987).  The ultimate inquiry for recusal is "whether a reasonable person, knowing all the facts, would conclude that the court's impartiality might reasonably be questioned." Id.  This requires a showing that would cause "an objective, disinterested observer fully informed of the underlying facts [to] entertain significant doubt that justice would be done absent recusal." United States v. Lovaglia, 954 F.2d 811, 815 (2d Cir.1992)

### III. DISCUSSION

In her Motion and supporting Affidavit, Whitnum alleges bias on the part of the undersigned based on the fact that the undersigned's husband is a member of the Anti-Defamation League ("ADL").  See Mot. ¶ 1.  Whitnum alleges that the ADL, which she

3

asserts without support, is a member of American Israel Public Affairs Committee ("AIPAC"), is "dedicated to destroying the lives and campaigns of any American candidate who is not pro-Israel." Id. ¶ 4.  Because Whitnum has consistently expressed opposition to AIPAC, see Affidavit (Doc. No. 282) ("Aff.") ¶ 2, she now moves for the undersigned to recuse herself because her husband is active in the ADL.

The court cannot inquire into the truth of the matters alleged in the Affidavit and must accept them as true for the purpose of ruling upon their legal sufficiency, however unfounded they may be in fact.  United States v. Int'l Bus. Machines Corp., 475 F. Supp. 1372, 1379 (S.D.N.Y. 1979) (citing Berger v. United States, 255 U.S. 22, 36, 41 S.Ct. 230, 65 L.Ed. 481 (1921)), aff'd sub nom. In re Int'l Bus. Machines Corp., 618 F.2d 923 (2d Cir. 1980).  However, the appearance-of-impartiality test is one of reasonableness; "it does not require recusal in response to vague, unsupported or speculative charges of impartiality." McCann v. Commc'ns Design Corp., 775 F. Supp. 1506, 1523 (D. Conn. 1991).  Indeed, an affidavit in support of a Motion to Disqualify must "show a true personal bias and must allege specific facts and not mere conclusions and generalities." Id. at 1524 (citing United States v. IBM., 475 F. Supp. at 1379). With one exception,[2] Whitnum's arguments for disqualification of the undersigned in the pending Motion and Affidavit are, once again, as in her first Motion to Disqualify and supporting Affidavit, conclusory and speculative.  She alleges, in conclusory fashion, that the ADL is "an AIPAC member organization." Aff. ¶ 4.  However, she does not describe the nature of the relationship between these organizations, and whether they are loosely affiliated or closely connected.  Nor does Whitnum describe why criticism directed at one

---

[2] It is factually correct that the undersigned's husband is active in the ADL.

4

organization would implicate the members of the other organization.  Without putting forth more information to support this allegation, Whitnum's Motion is based on conclusory speculation equating the ADL with AIPAC.  Such allegations are legally insufficient to support recusal.[3]  See McCann, 775 F. Supp. at 1529 (concluding that, "absent some factual support, plaintiff's 'beliefs' and fanciful speculations are plainly irrelevant").

Even if the relationship between the ADL and AIPAC were such that criticism of one would involve members of the other, the resulting bias would be of no moment.  "As the Seventh Circuit has noted, the care with which the recusal rules were crafted should lead any judge to 'hesitate to treat the general language of § 455(a) as a bar to judicial service whenever a relative has something to do with a party.'"  Salazar v. United States, No. 17-CV-3645 (GBD) (OTW), 2018 WL 2276163, at *2 (S.D.N.Y. May 16, 2018) (quoting In re Nat'l Union Fire Ins. Co. of Pittsburgh, 839 F.2d 1226, 1229 (7th Cir. 1988)).  Here, the connection is even more remote.  Whitnum does not claim that the undersigned's husband has anything to do with any party in this case; nor that is he a member of the organization that Whitnum has previously criticized. Instead, he is a member of another organization that is alleged to be (without basis and in some

---

[3] Although the court would not challenge the truth of Whitnum's Affidavit, to the extent that it sets forth facts, in ruling on the merits of Whitnum's Motion, the undersigned notes that AIPAC and the ADL are two separate organizations.  AIPAC is a lobbying group that advocates for pro-Israel policies to members of Congress and the Executive Branch of the United States.  See AIPAC website, available at: https://www.aipac.org/ (describing the organization as "America's Pro-Israel Lobby").  AIPAC is registered as a 501(c)4 organization, which allows it to engage in unlimited lobbying and participate in political activity.  See Rev. Rul. 71-530, 1971-2 C.B. 237.  The ADL, on the other hand, focuses on opposing groups and individuals it considers to be anti-Semitic or racist.  See ADL website, available at: https://www.adl.org/.  As a 501(c)3 organization, the ADL is prohibited from engaging (directly or indirectly) in political campaign activities and is limited in its ability to lobby.  See Lobbying, available at: https://www.irs.gov/charities-non-profits/lobbying.

unspecified manner) related to the organization that Whitnum has directed her ire. Such allegations of bias are too remote and legally insufficient. See United States v. Arena, 180 F.3d 380, 398 (2d Cir. 1999) (finding that recusal is not required where "the alleged interest or bias on the part of the judge or his spouse is not direct, but is remote, contingent, or speculative.").

     Furthermore, Whitnum's allegation, which seeks to import the alleged biases from the undersigned's husband to the undersigned, is "based upon an outmoded conception of the relationship between the spouses." Perry v. Schwarzenegger, 630, F.3d 909, 912 (9th Cir. 2011). Courts that have addressed similar attempts by litigants have held these claims to be legally insufficient. See Arena, 180 F.3d at 399 (finding that contributions by a judge's spouse to Planned Parenthood did not provide basis for recusal in criminal case charging defendants with attacking reproductive health facilities, including Planned Parenthood); Hoatson v. New York Archdiocese, 280 F. App'x 88, 91 (2d Cir. 2008) (finding that employment of a judge's spouse with a company with adverse interests to party would not lead a reasonable person to question the judge's impartiality); Perry, 630 F.3d at 912 (denying recusal in case involving same-sex marriage where Judge Reinhardt's wife, both individually and as Executive Director of the American Civil Liberties Union of Southern California, publicly expressed views in support of same-sex marriage); Doe 1 v. Enfield Public Schools, No. 3:10-CV-685, 2010 WL 11658330, at *5 (D. Conn. Nov. 11, 2010) ("The court rejects the suggestion that a court would change the outcome of a case because of how its spouse felt about the case or because of an organization--in which that spouse was involved--that is not a party to the case.").

This court finds no reasonable basis to recuse itself from this case. Sections 455 and 144 "require[ ] a showing that would cause an objective, disinterested observer fully informed of the underlying facts [to] entertain significant doubt that justice would be done absent recusal." In re Certain Underwriter, 294 F. 3d 297, 305 (2d Cir. 2002)). "In the words of the Seventh Circuit, '[a]n objective standard is essential when the question is how things appear to the well-informed, thoughtful observer rather than to a hypersensitive or unduly suspicious person.'" In re Chen, No. 3;17-CV-00615 (SRU), 2017 WL 1399631, at *6 (D. Conn. Apr. 18, 2017) (quoting Hook v. McDade, 89 F.3d 350, 354 (7th Cir. 1996)). "The appearance of partiality test is one of reasonableness; it does not require recusal in response to spurious or vague charges of partiality," In re Martin-Trigona v. Lavien, 573 F. Supp. 1237, 1243 (D. Conn 1983), and the risk of the appearance of bias must be "substantially out of the ordinary." Hook, 89 F.3d at 354.

Here, Whitnum has not met the "substantial" burden her Motion faces. Int'l Bus. Machines Corp., 475 F. Supp. at 1379. Instead, her allegations are principally conclusory and speculative. No reasonable person, one with knowledge of all the facts and circumstances alleged in this Motion and Affidavit, would conclude that the membership of the undersigned's husband in the ADL would prevent the undersigned from sitting impartially on the case now before this court—a case which has nothing to do with Whitnum's views of Israel, the ADL, or AIPAC. Whitnum's contrary position reflects the concerns of a "hypersensitive or unduly suspicious person," Hook, 89 F.3d at 354, and such concerns do not compel recusal.

There are no factually supported allegations of "extrajudicial sources" of bias that could cause a reasonable person to question the undersigned's impartiality. Apple, 829

7

F. 2d at 333; see also Liteky v. United States, 510 U.S. 540, 551-54 (1994).  Therefore, this court finds no reasonable basis to recuse itself from this case.  United States v. West Productions, Ltd., No. 95-CV-1424 (CSH), 2003 WL 328307, *1 (S.D.N.Y. Feb. 13, 2003) ("[T]here is as much an obligation for a judge not to recuse himself when there is no occasion for him to do so as there is for him to do so when there is.").  Whitnum's Motion to Disqualify (Doc. No. 280) is **DENIED**.  Whitnum's Motion to Stay (Doc. No. 281) is denied as moot.

**SO ORDERED.**

Dated at New Haven, Connecticut this 22nd day of November 2019.

   /s/ Janet C. Hall
Janet C. Hall
United States District Judge